IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC.,<br><br>      Plaintiff,<br><br>vs.<br><br>MAGPIE TECH CORP.,<br><br>      Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:15CV697DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Plaintiff CAO Group, Inc.'s Motion to Consolidate Related Cases for the Limited Purpose of Claim Construction Pursuant to F.R.C.P. 42(a). CAO asks this court to consolidate the claim construction in this case and two other cases: CAO Group Inc v. First Medical Infection Control Associates, Inc., Case No. 2:15cv698DB; and CAO Group Inc. v. Spring Health Products, Inc., Case No. 2:15cv699RJS.

      Claim construction briefing is complete in all three cases. The present matter is set for a live tutorial on November 2, 2016, with no Markman hearing currently set. The First Medica case in front of Judge Benson is set for a combined tutorial and Markman hearing on November 1, 2016. There is no live tutorial or Markman Hearing set in the Spring Health case. Because these hearings are only a week away, CAO asks the court to decide this issue on an expedited basis. CAO represents to the court that Defendant opposes consolidation. However, Defendant's time for opposing the motion is after the date of the two upcoming hearings.

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases "involving a common question of law or fact." Fed. R. Civ. P. 42(a). "[T]he party seeking consolidation has the burden of establishing consolidation is proper under Rule 42(a)." *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, 1:05CV64TS, 2008 WL 203316, at *2 (D. Utah Jan. 23, 2008). The court must address two issues in determining whether to consolidate actions. *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989). First, the court must determine whether the cases involve common parties and common issues of law or fact. *Id.* If common parties and issues exist, the court must then weigh the costs versus the benefits of consolidation. *Id.*

Under the local rules of this District, DUCivR 42-1, consolidation is appropriate where "cases arise from substantially the same transaction or event; involve substantially the same parties . . . : call for determination of substantially the same questions of law or . . . would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." D.U. Civ. R. 42-1. The court's rule is consistent with courts finding that consolidation is not justified "simply because the actions *include* a common question of fact or law." *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) (emphasis in original). If cases involve some common issues but the individual issues predominate, consolidation should be denied. *Id.*

CAO argues that the three claim construction proceedings should be consolidated because the claim construction schedules are very close to each other, the asserted patents and patent claims involve significant overlap, and the claim construction terms at issue also significantly overlap. The court disagrees with CAO's argument that the similarity in claim construction

schedules weighs in favor of consolidation.  The court considers CAO's to be untimely filed.  Judge Benson has his Markman hearing in a week.  If CAO wanted this court to consolidate the actions for purposes of claim construction, it should have asked for such consolidation before the claim construction briefing was done and the court scheduled the hearings.  The court is not willing to take a case from a colleague who is preparing for a hearing.  Moreover, CAO did not even leave Defendant with time to respond to the motion before the scheduled hearings.

Most significantly, CAO has not demonstrated that common facts and law predominate.  CAO provides a chart of claims at issue in the three cases.  The chart demonstrates that while 6 claims overlap, 22 claims in the other two cases are at issue that are not at issue in this case, and 9 additional claims are at issue in this case that are not at issue in the other two cases.  Six common claims compared to 31 other claims is not a significant overlap and not the kind of overlap that would benefit from one judge deciding all three cases.  Therefore, the cases do not have the requisite common issues of law and fact in order to be consolidated and consolidation does not appear to benefit judicial economy.  Accordingly, CAO's Motion to Consolidate Related Cases for the Limited Purpose of Claim Construction is DENIED.

Dated this 24th day of October, 2016.

BY THE COURT:

_Dale A. Kimball_
Dale A. Kimball,
United States District Judge